***E-FILED 07-13-2010***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RABBIA ALHOZBUR, | No. C09-01576 JW (HRL) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RULE 35 EXAMINATION** |
| v. | |
| JOHN McHUGH, Secretary of the Army, | [Re: Docket No. 36] |
| Defendant. | |

## I.  BACKGROUND

Plaintiff Rabbia Alhozbur was a probationary employee at the United States Army's Defense Language Institute. She alleges that her supervisor sexually harassed her, and that she was fired in retaliation for complaining about it. She sues for alleged sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, et seq. Among other things, she reportedly seeks some $300,000 in emotional distress damages.

Pursuant to Fed. R. Civ. P. 35 and the parties' stipulation (approved and entered by the court as an order), plaintiff submitted to a psychological and psychiatric examination by defense expert, John Greene, M.D. (See Docket No. 32). After a conducting approximately nine hours of examination, defendant says that psychological test results indicate that the validity of the results may have been impaired by a language barrier. Defendant now seeks leave to re-examine plaintiff for an additional four hours with an interpreter present. The request is made

only as to the psychological testing portion of the examination. Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion.

## II.  DISCUSSION

Rule 35 of the Federal Rules of Civil Procedure provides that, for good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a). In the instant case, there is no dispute that plaintiff's mental condition is in controversy. However, the parties disagree whether defendant has shown good cause for additional psychological testing.

Fed. R. Civ. P. 35 "does not limit the number of examinations. Nor would such a limitation be a judicious one." Peters v. Nelson, 153 F.R.D. 635, 637 (N.D. Iowa 1994). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances of the underlying request." Id. "Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the court deems it necessary." Id. at 637-38 (citing Lewis v. Neighbors Constr. Co., Inc., 49 F.R.D. 308, 309 (W.D. Mo. 1969)). The requesting party must meet a stronger showing of necessity before the court will order a second exam. See Edson v. Liberty Mutual Ins. Co., Case No. C01-3128, 2002 WL 31946902 *1 (N.D. Cal., Oct. 4, 2002) (citing Volpelak v. Williams, 42 F.R.D. 387, 389 (N.D. Ohio 1967)). Second examinations may be ordered where the first examination was not adequate or complete. Peters, 153 F.R.D at 638. The decision whether to allow a proposed examination rests within the broad discretion of the court. Lester v. Mineta, No. C04-03074SI, 2006 WL 3741949 *1 (N.D. Cal., Dec. 19, 2006) (citing Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 70 (E.D. Pa. 1996)).

Here, plaintiff contends that to the extent the test results may have been affected by a language barrier, then it is a problem entirely of defendant's and Dr. Greene's own making. She contends that defendant and Dr. Greene should have known better because both were aware

2

1  of her English-language issues prior to the first examination.  Plaintiff also points out that,
2  while Judge Ware's order states that the first examination would last from 9:00 a.m. to
3  approximately 3:00 p.m., Dr. Greene continued the examination until past 6:00 p.m.  (See
4  Docket No. 32).

5        This court is sympathetic to the fact that plaintiff has already submitted to examination
6  beyond the time period originally contemplated.  At the same time, however, there is nothing in
7  the record controverting Dr. Greene's assertion that he reasonably did not believe that an
8  interpreter might be necessary until well into the examination.  (Id. ¶¶ 4-6).  Moreover, Dr.
9  Greene avers that the psychological tests in question are important because they provide an
10 objective measure of the individual's mental health symptoms.  (Greene Decl. ¶ 8).  On the
11 record presented, this court is not convinced that the objective measure Dr. Greene seeks
12 through the proposed psychological testing can be obtained from information already available.
13 Additionally, valid test results would promote interests of having matters resolved fully and
14 completely on the merits.  While this court finds that another examination would not impose an
15 undue burden, the court also believes the second round of psychological tests shall take place,
16 within the next thirty days, on a date and time convenient to plaintiff.

17       III.  ORDER

18       Based on the foregoing, defendant's motion to compel a second examination is granted
19 as follows:

20       1.    Plaintiff shall submit to a second mental evaluation (psychological testing
21 portion only) by Dr. Greene, with the aid of an interpreter.

22       2.    The psychological testing shall be completed within the next thirty days, at a
23 date and time convenient to plaintiff.

24       3.    This second examination shall not exceed four (4) hours.

25       SO ORDERED.

26 Dated: July 13, 2010

27       HOWARD R. LLOYD
      UNITED STATES MAGISTRATE JUDGE
28

1  5:09-cv-01576-JW Notice has been electronically mailed to:

2  Claire T. Cormier     claire.cormier@usdoj.gov

3  Jennifer S Wang     jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov

   Mark C. Thomas     mark@brownsteinthomas.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.