\*E-FILED 09-08-2010\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RABBIA ALHOZBUR,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN McHUGH, Secretary of the Army,<br><br>    Defendant.<br>_____/ | No. C09-01576 JW (HRL)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL RULE 35 INTERVIEW WITH VOCATIONAL EXPERT**<br><br>[Re: Docket No. 41] |

Plaintiff Rabbia Alhozbur was a probationary employee at the United States Army's Defense Language Institute. She sues for alleged sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq.*, claiming that her supervisor sexually harassed her, and that she was fired in retaliation for complaining about it.

Pursuant to Fed. R. Civ. P. 35, defendant now moves for an order compelling plaintiff to appear for an interview with Carol Hyland, defendant's vocational rehabilitation expert. Plaintiff opposes the motion. The matter is deemed appropriate for determination without oral argument, and the September 14, 2010 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the motion.

Rule 35 of the Federal Rules of Civil Procedure provides that, for good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a

1  physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P.
2  35(a). Here, defendant argues that an interview with Hyland is necessary for Hyland to
3  determine whether plaintiff's efforts to find alternative employment have been reasonable, as
4  well as to assess plaintiff's wage earning potential and more detailed information about
5  plaintiff's job searches. *See, e.g., Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199 (E.D. Tex.
6  1996) (requiring plaintiff to submit to an examination by defendant's vocational rehabilitation
7  expert where plaintiff claimed loss of wages and earning capacity due to physical and mental
8  injuries).

9  Plaintiff contends that such an interview is not warranted. Although her complaint
10 alleges that she has suffered "loss of earning capacity" (*see* Complaint, Docket No. 1 at ¶ 18
11 and ¶ 23), Alhozbur now disclaims any intent to put her earning capacity at issue. Unlike the
12 plaintiff in *Fischer*, plaintiff now says that she (a) only seeks to recover lost wages caused by
13 her alleged illegal termination; (b) claims only that she has not been able to find comparable
14 employment; (c) does not claim that she cannot work; and (d) does not intend to present
15 opinions from any vocational rehabilitation expert. As such, plaintiff says that the only issue is
16 whether she has made reasonable efforts to find other work and mitigate her damages. She
17 argues that defendant already has ample information available to it from her deposition
18 testimony, the records of her previous employment, and her former co-workers and supervisors.
19 Any further information about her efforts to find other employment, plaintiff says, may be
20 obtained through interrogatories.

21 It appears that an interview with Hyland may provide further context as to plaintiff's job
22 search activities. Nevertheless, in view of plaintiff's representation that she is no longer
23 pursuing claims based on alleged loss of earning capacity, defendant has failed to convince that
24 an interview with its vocational rehabilitation expert is warranted. Accordingly, defendant's
25 motion to compel is denied.

26 In view of plaintiff's representations as to the basis for her claim for lost income,
27 defendant requests an order from this court precluding plaintiff from (a) claiming in this case
28 that her earning capacity has been negatively impacted by any acts or omissions of defendant;

(b) claiming that her emotional distress or other injury caused any lost income, and (c) calling a vocational rehabilitation expert in this case.  This court declines to do so because such rulings are more in the nature of evidentiary matters for the presiding judge to determine.  Nevertheless, the undersigned observes that such rulings would be entirely consistent with plaintiff's representations to this court as to why the requested discovery should not be allowed.

SO ORDERED.

Dated:   September 8, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:09-cv-01576-JW Notice has been electronically mailed to:

2  Claire T. Cormier     claire.cormier@usdoj.gov

3  Jennifer S Wang     jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov

Mark C. Thomas     mark@brownsteinthomas.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.