*E-FILED 09-08-2010*

United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RABBIA ALHOZBUR,

Plaintiff,

v.

JOHN McHUGH, Secretary of the Army,

Defendant.

_______________________________________/

No. C09-01576 JW (HRL)

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL COMPLETION OF RULE 35 MENTAL EXAMINATION**

**[Re: Docket No. 45]**

Plaintiff Rabbia Alhozbur was a probationary employee at the United States Army's Defense Language Institute. She sues for alleged sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq*., claiming that her supervisor sexually harassed her, and that she was fired in retaliation for complaining about it. Among other things, she reportedly seeks some $300,000 in emotional distress damages.

Pursuant to Fed. R. Civ. P. 35 and the parties' stipulation (approved and entered by the court as an order), plaintiff submitted to a psychological and psychiatric examination by defense expert, John Greene, M.D. (*See* Docket No. 32). After a conducting approximately nine hours of examination, defendant says that psychological test results indicate that the validity of the results may have been impaired by a language barrier. Defendant then moved for leave to re-examine plaintiff for several more hours, with an interpreter present, as to the psychological testing portion of the examination. In granting that motion, this court was not convinced that

United States District Court
For the Northern District of California

the objective measure Dr. Greene seeks through the proposed psychological testing could be obtained from information already available. This court further found that valid test results would promote interests of having matters resolved fully and completely on the merits, and that another examination would not impose an undue burden. The further examination was limited to four hours because that was the time defendant estimated would be needed to complete the psychological testing with the aid of an interpreter. (Docket No. 40, July 13, 2010 Order).

The second examination proceeded on August 4, 2010, but was not completed. In the four hours allotted for the examination with the aid of an interpreter, plaintiff finished the Millon Clinical Multiaxial Inventory-III (MCMI) test. However, she completed only a portion of the Minnesota Multiphasic Personality Inventory-2 (MMPI) test and did not complete the Rotter Incomplete Sentences Blank (RISB) test. Pursuant to Fed. R. Civ. P. 35, defendant now moves for an order compelling plaintiff to complete the psychological testing. Plaintiff opposes the motion. The matter is deemed appropriate for determination without oral argument, and the September 14, 2010 hearing is vacated. Upon consideration of the moving and responding papers,[1] this court grants the motion.

Rule 35 of the Federal Rules of Civil Procedure provides that, for good cause shown, the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a). Fed. R. Civ. P. 35 "does not limit the number of examinations. Nor would such a limitation be a judicious one." *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances of the underlying request." *Id.* "Even when an examination has been previously ordered in the same

---

[1] Plaintiff objects to the Declaration of Susan Elfar submitted by defendant in support of the instant motion. Elfar, who reportedly is certified to serve as a court interpreter, was retained by defense counsel to assist at plaintiff's second mental exam. Plaintiff contends that as a court interpreter, Elfar is obliged to remain neutral and should not have submitted a declaration supporting defendant's motion. There is no indication that Elfar was serving in her capacity as a court interpreter when she was retained by defense counsel. In any event, suffice to say that this court's ruling would be the same even if Elfar had not submitted a declaration.

case, a subsequent examination may be ordered if the court deems it necessary." *Id*. at 637-38 (citing *Lewis v. Neighbors Constr. Co., Inc.*, 49 F.R.D. 308, 309 (W.D. Mo. 1969)). The requesting party must meet a stronger showing of necessity before the court will order a second exam. *See Edson v. Liberty Mutual Ins. Co*., Case No. C01-3128, 2002 WL 31946902 *1 (N.D. Cal., Oct. 4, 2002) (citing *Volpelak v. Williams*, 42 F.R.D. 387, 389 (N.D. Ohio 1967)). Second examinations may be ordered where the first examination was not adequate or complete. *Peters*, 153 F.R.D at 638. The decision whether to allow a proposed examination rests within the broad discretion of the court. *Lester v. Mineta*, No. C04-03074SI, 2006 WL 3741949 *1 (N.D. Cal., Dec. 19, 2006) (citing *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996)).

Here, the parties dispute the length of the breaks plaintiff took. (Defendant says she took two breaks totaling 20-30 minutes. Plaintiff says that her two breaks totaled no more than 15 minutes). They disagree whether Dr. Greene became "angry and intimidating" when plaintiff left the exam without completing all of the test questions. Plaintiff also claims that Dr. Greene improperly attempted to conduct a further interview of her. Greene says that he was simply trying to complete the preliminary information required by the MCMI, the first psychological test administered during the second exam. (Greene Second Suppl. Decl. ¶¶ 3-4).

Just about the only thing the parties do not dispute is that plaintiff's mental exam, with the aid of an interpreter, has not been completed. Defendant does not contend that plaintiff deliberately delayed the proceedings. Nevertheless, defendant says that Alhozbur took a long time to answer each question. According to Dr. Greene, most people spend about 4-6 seconds on each test question, whereas plaintiff took approximately 30 seconds per question. (Greene Suppl. Decl., ¶ 4). In plaintiff's view, defendant has had more than ample opportunity to complete her mental examination and to obtain whatever information Dr. Greene says he needs.

As noted above, Alhozbur has indisputably put her mental condition in controversy. In its prior order, this court already found that psychological testing with the aid of an interpreter is warranted. So, although plaintiff's mental exam has taken much longer than anyone expected, this court finds that the testing, with the aid of an interpreter, should be completed.

Accordingly, defendant's motion is granted. Plaintiff shall, within 30 days from the date of this order, submit to the remainder of the previously ordered psychological testing on a date to be agreed upon by the parties and the interpreter.

SO ORDERED.

Dated: September 8, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

5:09-cv-01576-JW Notice has been electronically mailed to:

Claire T. Cormier claire.cormier@usdoj.gov

Jennifer S Wang jennifer.s.wang@usdoj.gov, bonny.wong@usdoj.gov, lily.c.ho-vuong@usdoj.gov

Mark C. Thomas mark@brownsteinthomas.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.